IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ALEXANDER HARRISON WEST,<br><br>Plaintiff,<br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 1:26-cv-00116-HCN-PK<br><br>District Judge Howard C. Nielson, Jr.<br>Magistrate Judge Paul Kohler |

This matter comes before the Court for screening of Plaintiff's Amended Complaint[1] under 28 U.S.C. § 1915 and DUCivR 3-2. The Court previously screened Plaintiff's initial Complaint and issued an order directing Plaintiff to cure certain deficiencies.[2] Having reviewed Plaintiff's Amended Complaint, the Court recommends this action be dismissed without prejudice.

28 U.S.C. § 1915 governs all cases where a plaintiff is proceeding *in forma pauperis* ("IFP"). Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss a cause of action filed IFP at any time the court determines the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or if the litigant seeks monetary relief from a defendant who is immune from such a claim. Although § 1915(e)(2)(B) screening is not required before granting IFP status

---

[1] Docket No. 12.

[2] Docket No. 11.

1

or ordering service on the defendant, the Tenth Circuit has encouraged district courts to screen IFP cases as soon as practical.[3]

Under Federal Rule of Civil Procedure 8, "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." As explained by the Tenth Circuit, compliance with Rule 8 requires that a pleading set forth the court's jurisdiction and identify "what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."[4] These requirements are designed to provide the opposing party with fair notice of the claims against it and allow the Court to conclude that, if proven, the allegations show that Plaintiff is entitled to relief.[5]

Reviewing Plaintiff's Amended Complaint liberally, it fails to meet Rule 8's basic requirements. Plaintiff fails to provide a basis for the Court's jurisdiction, fails to identify a claim entitling him to relief, and fails to state the relief sought, with the exception of his request for $3,000,000. Plaintiff's Amended Complaint is largely a restatement of his initial Complaint,

---

[3] *See Buchheit v. Green*, 705 F.3d 1157, 1160 (10th Cir. 2012) ("Though screening might be a good practice and more efficient, we find that nothing in this language *requires* an assigned magistrate judge to screen a case for merit or to make a recommendation for dismissal to the district court before granting IFP status.").

[4] *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

[5] *See Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1989); s*ee also Nasious*, 492 F.3d 1163 (a plain statement under rule 8 provides a Defendant with "sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits.")

which the Court found deficient. As such, Plaintiff has failed to comply with the Court's prior order instructing Plaintiff to cure those deficiencies.[6]

It is therefore recommended that this action be dismissed without prejudice for failure to comply with the requirements of Rule 8 and failure to comply with the Court's prior order.

Copies of this Report and Recommendation are being mailed to all parties who are hereby notified of their right to object. The parties must file any objection to this Report and Recommendation within fourteen (14) days of service. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 29th day of July, 2026.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge

---

[6] *See* Fed. R. Civ. P. 41(b) (stating that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it"). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).